GLD-140                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1399
_____

IN RE:  MATTHEW FAISON, JR.,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 05-cv-01865)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 17, 2011

Before:  AMBRO, CHAGARES AND GREENBERG, Circuit Judges

(Opinion filed: March 24, 2011)
_____

OPINION
_____

PER CURIAM

       Matthew Faison has filed a petition for writ of mandamus pursuant to 28 U.S.C. §

1651.  Finding no basis for granting mandamus relief, we will deny the petition.

       Faison is currently a prisoner at the Columbia Correctional Institution in Lake

City, Florida.  In March 2005, Faison submitted a pro se complaint (which he attempted

to file as a class action) under 42 U.S.C. § 1983, alleging various violations of his civil

rights.  Because Faison was barred by 28 U.S.C. § 1915(g) from pursuing his action in

forma pauperis in the absence of a showing of imminent danger, and given the fact that

the District of New Jersey was not the proper venue,[1] the District Court entered an order

on April 15, 2005, denying Faison in forma pauperis status and directing that the Clerk

close the action without filing the complaint.  Eight months later, Faison filed a notice of

appeal.  See C.A. No. 06-5174.  That appeal, however, was dismissed for failure to

prosecute by Clerk's Order dated February 28, 2007.

More than two and a half years later, Faison returned to the District Court and

filed motions for a "stay" and for "post-test questioning."  Reasoning that the motions

had no bases in fact or law and supplied no bases for reopening the action, the District

Court entered an order on October 29, 2009, denying them. Undeterred, Faison filed yet a

third "application/petition" on November 10, 2009.  In this filing, Faison appears to have

requested relief under Fed. R. Civ. P. 12(c) and sought certification for an interlocutory

appeal.  Once again, the District Court reasoned that the motion had no basis in fact or

law and supplied no basis for reopening the action.  The court further noted that there was

no matter pending for which it could certify an interlocutory appeal.  Accordingly, in an

order entered on November 24, 2009, it denied the motion.  Faison filed a timely notice

of appeal.  See C.A. No. 09-4743.

---

[1]  It appears that the actions Faison complained of took place in Florida and none of the
defendants resided in New Jersey.

As previously noted, because Faison was considered a "three striker," he could only proceed with his appeal in forma pauperis if he satisfied the imminent danger exception set forth in 28 U.S.C. § 1915(g). Having failed to demonstrate that he was "under imminent danger of serious physical injury" when he filed his appeal, Faison's in forma pauperis motion was denied in an order filed on March 19, 2010. Additionally, because Faison failed to pay the filing fees as directed by the Court, his appeal was subsequently dismissed for failure to prosecute by Clerk's Order dated May 3, 2010.

Nothing further appears to have happened in either the District Court or this Court until Faison submitted the instant petition for a writ of mandamus on February 15, 2011.[2] Unfortunately, it is nearly impossible to determine the nature of the mandamus relief that Faison is seeking. At one point, Faison asserts that "[t]he record on appeal shows the case is of such imperative public importance as to justify deviation from normal appellate practice and require immediate determination." See Mandamus Petition at 3. However, to the extent Faison may be seeking to challenge the District Court's disposition of his complaint or post-judgment motions, such review was available in the form of an appeal to this Court. A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). Faison took appeals from both of the District Court's orders, but allowed those appeals to be procedurally terminated as a

---

[2] We note that Faison did not comply with the Clerk's noncompliance order until February 28, 2011.

result of his failure to prosecute. As for the orders of dismissal issued by this Court, it does not appear that Faison ever sought to have those decisions reviewed nor has he sought review of this Court's order denying his request for leave to proceed in forma pauperis. Insofar as Faison references some "pleading motion" that "should have been sustained and treated as a notice of appeal to the Supreme Court," we note that a petition for a writ of certiorari is to be filed directly with the United States Supreme Court. Faison was timely advised of this requirement when he submitted a document in C.A. No. 09-4743 titled "Motion urged to file Petition for Writ of Certiorari to the Supreme Court." By Clerk's letter dated May 24, 2010, Faison was advised that no action would be taken by this Court on his document received on May 20, 2010. Faison was further provided with the mailing address of the Supreme Court should he decide to pursue a petition for writ of certiorari. He cannot now be heard to complain – nearly nine months later – that he was unaware of the necessity of filing a cert. petition directly in the Supreme Court.

Accordingly, because Faison has failed to demonstrate a "clear and indisputable" right to issuance of the writ, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), his petition for a writ of mandamus will be denied.

4